IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMON SHANKLIN, )
 )
               **Plaintiff,** )
 )
vs. ) Case No. 17-cv-01151-JPG
 )
ST. CLAIR COUNTY JAIL, )
WEXFORD, )
and LPN APRIL, )
 )
               **Defendants.** )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Emon Shanklin. (Doc. 8). Plaintiff is currently detained at St. Clair County Jail in Belleville, Illinois. (Doc. 8, p. 1). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. *Id.* Plaintiff claims that a Jail nurse administered him the wrong medication on April 30, 2017. (Doc. 8, p. 5). In connection with this claim, Plaintiff seeks money damages from the nurse (Nurse April), the medical provider (Wexford), and the Jail (St. Clair County Jail). (Doc. 8, p. 9).

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **First Amended Complaint**

Plaintiff alleges that Nurse April gave him the wrong medication at the Jail on a single occasion, *i.e.*, at 9:37 a.m. on April 30, 2017. (Doc. 8, p. 5). When he realized the mistake, Plaintiff "took the last pill out of [his] mouth" and informed the nurse about the error. *Id*. In response, Nurse April asked Plaintiff if his name was "Steven Johnson." *Id*. Another nurse then checked Plaintiff's blood pressure. *Id*. While doing so, she noticed his lips shaking. *Id*. Plaintiff offers no other information in the First Amended Complaint about the medication, the dosage, or other side effects. *Id*.

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* First Amended Complaint into the following count:

**Count 1** -   Eighth and/or Fourteenth Amendment claim against the defendants for administering Plaintiff the wrong medication at the Jail on April 30, 2017.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this claim does not constitute an opinion regarding its merits. **Any other claims that are encompassed by the allegations in the First Amended Complaint but not identified above fail to satisfy the *Twombly* pleading standard and are considered dismissed without prejudice from this action.**

## Count 1

The applicable legal standard for Plaintiff's claim depends on his status as a pretrial detainee or a convicted prisoner on April 30, 2017. Claims based on the denial of adequate medical care arise under the Fourteenth Amendment when involving a pretrial detainee and the Eighth Amendment when involving a prisoner. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). The Fourteenth Amendment prohibits punishment of pretrial detainees, and the Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST. Amends. VIII and XIV. With that said, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)). A constitutional claim arises in both contexts when a state actor responds to a plaintiff's serious medical needs with deliberate indifference. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014) (citing *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991)).

A § 1983 plaintiff claiming a violation of his constitutional rights based on the denial of medical care must meet two requirements. First, he must show that he suffered from an objectively serious medical need (*i.e.*, an objective standard). *Pittman*, 746 F.3d at 775 (citing *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006)). *See also Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). Second, he must demonstrate that the defendants responded to his serious medical needs with deliberate indifference (*i.e.*, a subjective standard). *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The allegations in the First Amended Complaint offer no insight into the medical needs of Plaintiff, let alone a medical need that would be considered objectively serious. Even if the Court assumes that Plaintiff's ingestion of the wrong medication on one occasion constitutes a serious medical need, the First Amended Complaint still fails to satisfy the subjective component of this claim.

To satisfy the subjective requirement, the allegations must suggest that prison officials responded to the plaintiff's serious medical needs with deliberate indifference. *Greeno*, 414 F.3d at 653 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This occurs when a defendant knows of and disregards an excessive risk to inmate health by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and by "'draw[ing] the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). Negligence, gross negligence, and even "admitted medical malpractice" do not satisfy this standard. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (quoting *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)). In the present case, the plaintiff must describe a substantial departure from accepted medical judgment, practices, or standards. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). The allegations must allow a plausible inference that Nurse April was deliberately indifferent to a substantial risk

of serious harm to Plaintiff.  *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 301 (7th Cir. 2010).  This may occur when the failure to dispense the correct medication is deliberate and potentially malicious.  *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004).

The allegations in the First Amended Complaint suggest no such thing.  According to the allegations, Nurse April inadvertently gave Plaintiff the wrong medication on a single occasion on April 30, 2017.  (Doc. 8, p. 5).  The allegations do not suggest that she knew that Plaintiff received the incorrect medication or wanted him to take the wrong medication.  *Id*.  Plaintiff noticed the error and removed one pill from his mouth before swallowing it.  *Id*.  When he pointed out the error, Nurse April made it clear that she thought he was another inmate.  *Id*.  Plaintiff does not suggest that her manner, tone, or words were malicious or demonstrated any recklessness to a known danger of harm to him.  *Bowers v. Seymour*, 436 F. App'x 676 (7th Cir. 2011) (citing *Quian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999)).  At best, Plaintiff describes negligence, which does not support a deliberate indifference claim.  *Greeno*, 414 F.3d at 653 (citing *Farmer*, 511 U.S. at 834).  *See also Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

The Seventh Circuit has held that the denial of proper medication on a single occasion, standing alone, does not typically rise to the level of an Eighth Amendment violation.  *Gil*, 381 F.3d at 662 (citing *Gutierrez*, 111 F.3d at 1375).  Although administering the wrong medication may very well pose a substantial risk of harm under some circumstances, an "isolated instance[ ] of neglect" in the course of treatment does not allow a plausible inference of deliberate indifference.  *See Gutierrez*, 111 F.3d at 1375; *Robbins v. Pollard*, 2016 WL 8672956, at *2 (E.D. Wis. 2016) (collecting cases).  In certain contexts, the administration of unneeded medication over a long period of time may not even support an Eighth Amendment claim.  *See*

5

*Bowers*, 436 F. App'x 676 (nurses who routinely provided inmate with unneeded anticonvulsant medication three times each day for ten months were not deliberately indifferent to inmate's medical needs). Although the incident described in the First Amended Complaint is certainly unfortunate, Plaintiff is not entitled to recover under § 1983 for the one-time occurrence.

Plaintiff's claim against the Jail and Wexford also fail. The Jail is not a "person" subject to suit under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Likewise, no claim is stated against Wexford, the private medical corporation that serves as the Jail's healthcare provider. A private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)). No policy or custom attributable to Wexford is mentioned in the First Amended Complaint.

For the reasons set forth herein, the First Amended Complaint states no claim against the defendants and shall be dismissed. Further, Plaintiff will not be granted leave to file a third complaint because such amendment would be futile in this particular case. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). *See also Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile"). The dismissal of this § 1983 action shall therefore be with prejudice.

## Pending Motion

Plaintiff's Second Motion for Recruitment of Counsel (Doc. 9) is **DENIED**. The second motion presents the same problems as the first motion. (Doc. 3). It is denied for the same

reasons. (Doc. 6). The second motion, like the first, is largely blank. (Doc. 9, pp. 1-2). In addition, Plaintiff failed to describe any steps he took to retain counsel before seeking the Court's assistance. (Doc. 9, p. 1). *See also Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. This includes **COUNT 1** against Defendants **ST. CLAIR COUNTY JAIL, WEXFORD,** and **LPN APRIL**, which is **DISMISSED** with prejudice for the same reason.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 13, 2018**

<u>*s/J. Phil Gilbert*</u>
**District Judge**
**United States District Court**
